IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHAUN FITZPATRICK, §
 §
    *Petitioner*, §
 §
v. § CIVIL ACTION H-18-1832
 §
LORIE DAVIS, §
 §
    *Respondent*. §

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his two convictions for indecency with a child by sexual contact. Respondent filed a motion to dismiss (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 13).

Having reviewed the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case for the reasons that follow.

### *Background and Claims*

Petitioner pleaded guilty to two counts of indecency with a child by sexual contact, and was sentenced to two concurrent twelve-year sentences on May 9, 2016. His untimely *pro se* appeal was dismissed for lack of jurisdiction on October 26, 2016. Petitioner's application for state habeas relief, filed with the trial court on March 6, 2017, was denied by the Texas Court of Criminal Appeals on April 11, 2018.

Petitioner filed the pending petition for federal habeas relief no earlier than May 24, 2018, raising the following grounds for habeas relief:

1. Insufficient state habeas process;

2. Ineffective assistance of trial counsel in

   a. failing to consult with him and file a notice of appeal; and

   b. erroneously advising him to reject the State's plea offer.

Respondent argues that petitioner's claims have no merit and should be dismissed.

*Habeas Review Standards*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a

legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

3

*State Habeas Proceedings*

Petitioner complains that the fact-finding process in his state habeas proceeding was inadequate. Specifically, he agues that state court's findings and conclusions should not be afforded deference because the court failed to hold an evidentiary hearing as to counsel's ineffectiveness.

Petitioner cites no authority supporting his argument that deference is not required in absence of an evidentiary hearing, and this Court finds none. Regardless, petitioner's claim is not cognizable on federal habeas review. "[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted).

Petitioner's challenges to the state habeas proceeding are DISMISSED WITH PREJUDICE for failure to raise a cognizable federal habeas claim.

*Ineffective Assistance of Trial Counsel*

*Standards*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard,

unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

Petitioner raises the following two claims for ineffective assistance of counsel.

*Right to Appeal*

Petitioner claims that trial counsel failed to file a notice of appeal or consult with him regarding his right to appeal, and failed to file a motion to withdraw as his attorney.

The Supreme Court has said that counsel's failure to file a notice of appeal without defendant's consent is not *per se* deficient. *Roe v. Flores-Ortega*, 528 U.S. 470, 470–71 (2000). Rather, a court must judge the reasonableness of counsel's conduct based on the facts of the particular case. *Id*. at 477. If a lawyer disregards the defendant's specific instructions to file a notice of appeal, then such conduct is professionally unreasonable. *Id*. at 478.

However, when the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, a reviewing court must first determine whether counsel in fact consulted with the defendant about an appeal. *Id*. If counsel consulted with the defendant yet failed to follow the defendant's express instructions, then counsel's performance should be deemed deficient. *Id*.

Trial counsel filed an affidavit on state collateral review, wherein he testified as follows:

> Fitzpatrick was well aware that he had the right to appeal. A review of the plea papers in this matter reveals that interlineations were made in the document specifying that he had the right to appeal (page three of four in the Defendant's Plea of Guilty, Waiver, Stipulation, and Judicial Confession).

6

> The trial court's certification of right to appeal indicates that he had the right to appeal (where the Court [c]ertified and Fitzpatrick acknowledged with his signature that this matter was not a plea-bargain case and that the defendant had the right of appeal). I recall a conversation with [the] client (and I'm sure that [co-counsel] told [the] client also at imposition of the sentence) that Fitzpatrick entered a plea of guilty, there were minimal objections made or error identified during the hearing, the Court exercised its discretion in sentencing Fitzpatrick, and the sentence returned by the Court was within the range of punishment. In my evaluation, the only matters that MIGHT have been raised on appeal are an abuse of discretion by the Court or ineffective assistance of counsel. Throughout my career, following a conviction and a contested sentencing, I tell clients that I don't like to write my own appeals. I prefer that another attorney look over my shoulder, play Monday morning quarterback, and evaluate my work. I can only recall two instances where I have written an appeal on a case that I also tried for a client, and in each instance, I made a record with [the] client whereby they acknowledged that they had a right to other counsel on appeal, but that they elected for me to continue to serve as their attorney.
>
> Following sentencing, I met with Fitzpatrick on two separate occasions via video-conference with the jail (May 16 and 27 of 2016). I answered his questions and even prepared a power of attorney for him so that his affairs could be managed by an acquaintance while he was in custody (despite the fact, as he acknowledges in his writ, that he still owed me a substantial amount of money for my services). *Again, on that occasion, I informed him of his right to appeal. I recall no instances where he expressed to me the desire to appeal his convictions.*
>
> * * * *
>
> Fitzpatrick was informed by the Court in writing of his right to appeal. *He was informed by two different attorneys that he held the right to appeal. He was advised that there were no grounds apparent for appeal.* Due to lack of diligence on his part or untimely regret on his part, he chose not to exercise his right to appeal. The allegations of ineffective assistance of counsel in Ground One are without merit.

(Docket Entry No. 12-6, pp. 103–105) (original and added emphasis).

Petitioner filed his own affidavit with the state trial court during habeas review. In his affidavit, petitioner admitted that he had discussed the merits of an appeal with both

7

trial counsel and co-counsel, and was told in each instance that he had nothing to appeal. (Docket Entry No. 12-6, p. 76.) Significantly absent in petitioner's affidavit is any testimony that he instructed his attorney to file an appeal. To the contrary, petitioner stated that counsel told him in May 2016 that he had nothing to appeal, and that he had no further communication with counsel until the end of September, 2016. *Id.*, pp. 76–77. Petitioner filed *pro se* notices of appeal in October and November 2016, which were dismissed as untimely. *Id.*, p. 95.

In rejecting petitioner's claim of ineffective assistance of counsel, the state trial court made the following relevant findings of fact and conclusions of law on collateral review:

> 3. Applicant has alleged no fact supported by the record which entitles him to relief.
>
> 4. Applicant's grounds for relief have no basis in the record and are completely without merit.
>
> 5. There are no previously unresolved, controverted issues of fact material to the legality of Applicant's confinement.
>
> 6. Pursuant to this Court's order designating issues, Applicant's trial counsel, [M.M.], submitted an affidavit addressing the allegations contained in the application on November 21, 2017.
>
> 7. [M.M.] is known to this Court as an experienced attorney. The Court finds that the statements made by [M.M.] in his affidavit are credible, consistent with the trial proceedings and provide this Court with sufficient information to address Applicant's claims.
>
> \* \* \* \*
>
> 11. In his first ground, Applicant claims ineffective assistance of trial counsel, [M.M.]. Applicant states that trial counsel failed to advise

him about his right to appeal, to file a notice of appeal, or provide any advice related to filing an appeal.

12. Trial counsel's responsibilities regarding representation of their clients on appeal consist of a two-step process. The first step involves ascertaining whether their client wishes to appeal. If their client does not wish to appeal, trial counsel's representation ends.

13. Trial counsel in his credible affidavit refutes Applicants claims that he failed to advise him about his right to appeal stating that Applicant was well aware of his right to appeal. Applicant signed plea papers and the trial court's certification both stating that he had the right to appeal.

14. Applicant was informed of his right to appeal numerous times and never expressed a desire to appeal his conviction.

15. Because Applicant did not wish to appeal, trial counsel's representation of Applicant ended with sentencing.

16. Therefore, Applicant does not meet the first prong of *Strickland*.

17. Applicant's first ground is without merit, and relief should be denied.

(Docket Entry No. 12-6, pp. 130–133, citations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying state habeas relief.

Petitioner's disagreement with the state court's determination that counsel was not ineffective is insufficient to meet his burden of proof under the AEDPA. Neither petitioner nor the state court record shows that petitioner instructed counsel to file an appeal; to the contrary, petitioner states that he discussed an appeal with both counsel and co-counsel and was told by each that there were no grounds for appeal. Consequently,

petitioner fails to show that counsel was ineffective under *Flores-Ortega* in not pursuing an appeal.

The state court rejected petitioner's claims and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Habeas relief is unwarranted.

*Rejection of Plea Offer*

Petitioner next complains that trial counsel was ineffective during the plea bargaining phase of the criminal proceedings. Specifically, he asserts that the State offered a two-year sentence in exchange for his guilty plea, but that upon counsel's erroneous advice, he refused the offer and unsuccessfully sought deferred adjudication from the trial court. Petitioner contends that he was ineligible for deferred adjudication due to "aggravating factors" in his criminal history, and that counsel should not have promised he would receive deferred adjudication if he rejected the plea offer.

Trial counsel filed an affidavit in the state trial court habeas proceedings, wherein he testified as follows:

> From his initial consultation, Fitzpatrick explored the prospect of pleading guilty. This case came about as a result of a conversation between he and his daughter as he was taking her to a therapy session. Fitzpatrick suggested to his daughter that perhaps one of the roots of her problems stemmed from his touching her inappropriately when she was younger. Daughter reported this to her therapist, and therapist made her legally[-]required reports to CPS. Fitzpatrick was interviewed by multiple state agencies and confessed to his actions voluntarily. Fitzpatrick was advised to seek counseling for these

actions and did so, participating in therapy with the Veteran's Administration for a period of time. The circumstances of the discovery and his acknowledgment of his illegal actions, his efforts at rehabilitation, his prior service in the military, his efforts (however misguided as testimony revealed) to heal his relationship with his children was commendable. In imposing sentence, the Court recognized and even commended Fitzpatrick for his efforts.

I made every effort to obtain a plea offer of deferred adjudication for Fitzpatrick. I NEVER make promises to a client. I did inform him over the course of my representation that if he were to receive deferred adjudication in this case, it would have to be from the Court, as the State was not going to offer it. Fitzpatrick and I discussed this issue numerous times. Records in my billing/time record system indicate 47 entries. As the contract between my firm and Fitzpatrick was for a flat fee, I did not always enter time when I worked on his file. Following advice of counsel, he chose to reject all plea overtures and proceeded to plead guilty and seek deferred adjudication from the Court.

There was no statutory bar to the Court in its discretion granting deferred adjudication. The Court exercised its discretion and did not grant deferred adjudication. The Court cited the aggravating factors from 2006, 2011 and 2016 when finding that deferred adjudication was not in the best interest of society. Fitzpatrick's claim of lack of diligence is without merit. He knows what he did, and as memory serves, he confessed to it all—even items that were not disclosed to counsel, much less investigated by law enforcement officials.

(Docket Entry No. 12-6, pp. 105–06) (original emphasis).

In rejecting petitioner's ineffective assistance claim, the state trial court made the following relevant findings of fact and conclusions of law:

3.  Applicant has alleged no fact supported by the record which entitles him to relief.

4.  Applicant's grounds for relief have no basis in the record and are completely without merit.

5.  There are no previously unresolved, controverted issues of fact material to the legality of Applicant's confinement.

11

6. Pursuant to this Court's order designating issues, Applicant's trial counsel, [M.M.], submitted an affidavit addressing the allegations contained in the application on November 21, 2017.

7. [M.M.] is known to this Court as an experienced attorney. The Court finds that the statements made by [M.M.] in his affidavit are credible, consistent with the trial proceedings and provide this Court with sufficient information to address Applicant's claims.

\* \* \* \*

18. In ground two, Applicant claims ineffective assistance of counsel. Applicant states that trial counsel was ineffective in advising Applicant to reject the State's plea offer of two years in order to obtain deferred adjudication from the trial court. Applicant claims that he was statutorily ineligible from deferred adjudication based on the facts in his case.

\* \* \* \*

20. Applicant was eligible for deferred adjudication from the trial court if the judge made a finding in open court that placing defendant on deferred adjudication community supervision was in the best interest of the victim. *See* TEX. CODE CRIM. PROC. art. 42A.102.

21. *Applicant was a good candidate for deferred adjudication.*

22. *Trial counsel never made any promises to Applicant regarding receiving deferred adjudication.*

23. It is clear that trial counsel's advice to Applicant to deny the State's two year offer in order to possibly obtain deferred adjudication from the trial court *could be considered sound trial strategy* in light of the mitigating circumstances in Applicant's case.

24. Applicant cannot meet the first prong of *Strickland*.

25. Overall, Applicant's second ground is without merit, and relief should be denied.

(Docket Entry No. 12-6, pp. 130, 133–35, citations omitted, emphasis added.) The Texas Court of Criminal Appeals relied on the state trial court's findings of fact and conclusions of law in denying habeas relief.

Petitioner argues that he rejected the two-year plea bargain offer because counsel erroneously advised him he would receive deferred adjudication from the trial court. He contends that counsel's actions caused him prejudice under *Lafler v. Cooper*, 566 U.S. 156 (2012). To establish prejudice under *Lafler*, a defendant must show that he would have accepted the plea, the prosecution would not have withdrawn it in light of intervening circumstances, the court would have accepted its terms, and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 566 U.S. at 164.

The state court determined that counsel was not deficient under the first prong of *Strickland*, and did not reach the issue of prejudice. The court expressly found that petitioner was a good candidate for deferred adjudication, which was a determination made upon application of state law. The trial court's application of state law cannot be second-guessed by this Court on federal habeas review. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). The Fifth Circuit Court of Appeals has long recognized that the federal courts on habeas review do not "sit as a super state supreme court in such a proceeding to review errors under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) (internal quotes omitted). Thus, the state court's finding that petitioner was "a good candidate for deferred adjudication" under state law is binding on this Court.

The state trial court further expressly found that counsel's advice to forego the plea offer and seek deferred adjudication from the trial court could be considered sound trial strategy given petitioner's mitigating circumstances, and that counsel never promised petitioner deferred adjudication. Petitioner's disagreement with these findings is insufficient to meet his burden of proof under the AEDPA. Under the circumstances of petitioner's prosecution, only the trial court could grant petitioner deferred adjudication, and the trial court was of the opinion that petitioner was a good candidate for deferred adjudication. Trial counsel did not promise petitioner deferred adjudication. Although no transcript of the plea or sentencing hearing appears in the record, both petitioner and counsel noted that certain "aggravating factors" in petitioner's criminal history caused the trial judge to determine that deferred adjudication would not be in the best interests of society. That the trial court ultimately declined to grant petitioner deferred adjudication does not establish ineffective assistance of counsel. Petitioner fails to rebut the strong presumption that counsel's advice and actions were reasonable trial strategy.

The state court rejected petitioner's claims and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Habeas relief is unwarranted.

*Conclusion*

The motion to dismiss (Docket Entry No. 11) is GRANTED and this habeas case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on November 15, 2018.

_____
Gray H. Miller
United States District Judge